NOT FOR PUBLICATION [Dkt. Ent. 1]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| NASIR FINNEMEN,<br><br>    Plaintiff,<br><br>        v.<br><br>HON. DANIEL A. BERNARDIN,<br>PROSECUTOR TIMOTHY J. HIGGINS,<br>JOHN A. TONELLI, ROCCO A.<br>DEPERSIA,<br><br>    Defendants. | Civil No. 15-8335 (RMB/JS)<br><br>**OPINION** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

On November 30, 2015, Plaintiff Nasir Finnemen (the "Plaintiff") initiated this civil action against Judge Daniel A. Bernardin, Prosecutor Timothy Higgins, John A. Tonelli, and Rocco A. Depersia (collectively, the "Defendants"). [Dkt. No. 1.] In so bringing this action, Plaintiff also seeks leave to proceed without prepayment of fees and has submitted the necessary application establishing that he lacks the financial ability to pay the filing fee. [Dkt. No. 1-2.] Based upon Plaintiff's affidavit of indigence, this Court will grant his application to proceed in forma pauperis.

1

**I. Background**

Plaintiff alleges that on May 31, 2013, he filed charges against Sheriff Jonathan Yoder at the Camden Municipal Court for "simple assaulting me at the Superior Court Hall of Justice." (Compl. at 2.) The prosecutor tasked with bringing the charges was Timothy J. Higgins. (Id.) Mr. Yoder was represented by Mr. Depersia, who is also a Defendant. (Id.) Judge Daniel A. Bernardin found Mr. Yoder not guilty of assaulting Plaintiff. (Id.) Plaintiff alleges that Judge Bernardin "was in Attorney Rocco A. Depersia and Jonathan Yoder favor on [October 8, 2013 by] not being fair[,] taking sides and finding [Mr. Yoder] not guilty for what he did to me . . . ." (Id.) These are the entirety of Plaintiff's allegations.

**II. Standard for Sua Sponte Dismissal**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must preliminarily screen in forma pauperis filings, and must dismiss any filing that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

2

  (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

  (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

"[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 311 (3d Cir. 2009). However, in screening a complaint to verify whether it meets this standard, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. Ed 652 (1972).

### III. Analysis

 This Court will direct the filing of this Complaint, but will dismiss it without prejudice pursuant to screening under 28 U.S.C. § 1915(e)(2).  As Plaintiff has on previous occasions, including in another Complaint also filed on November 30, 2015, he is impermissibly asking this Court to sit as an appellate court for proceedings in state court. See Tammera v. Grossman, No. 10-569, 2010 WL 1372406, at *4 (D.N.J. 2010); see also Lance v. Dennis, 546 U.S. 459, 463 (2006) ("[U]nder what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."); Mem. Op. and Order, Finnemen v.

3

McCrink, Civ. No. 15-5795 (RMB/JS) ("Regarding Plaintiff's allegations against Judge McCrink and Judge Wells, Plaintiff's claims against both judges appear to be based on purported errors committed by the New Jersey State Courts during his conviction and appeals.  As such, these claims are precluded by the Rooker-Feldman doctrine, barring district review of final state court judgments.").  As such, Plaintiff's claims against Judge Bernardin shall not proceed.

To the extent Plaintiff states a claim against Mr. Higgins for anything, which the allegations do not even begin to do, such a claim would be barred by prosecutorial immunity.  The Supreme Court has "held that a prosecutor is absolutely immune from damages under § 1983 for acts that are intimately associated with the judicial phase of the criminal process . . . .  Since Imbler, the Supreme Court has held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding . . . ."  Reeves v. Hodgson, Civ. A. No. 14-4510 (MAS), 2014 WL 6895587, at *4 n.1 (D.N.J. Dec. 5, 2014) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)).  As such, Plaintiff's claims against Mr. Higgins shall not proceed.

The factual allegations against Mr. Depersia are simply that he represented Mr. Yoder.  These are insufficient to state a claim.  John A. Tonelli, based upon an exhibit attached to the Complaint, appears to be a member of the Supreme Court of New

4

Jersey Advisory Committee on Judicial Conduct.  Mr. Tonelli authored a letter in which it instructed Mr. Finnemen that the committee found no basis for a charge of judicial misconduct concerning Judge Bernardin.  [Dkt. No. 1-1 at 4.]  Such conduct likewise does not state a claim.[1]

In light of the above analysis, Plaintiff's allegations as contained in his Complaint do not state a cause of action, and the Complaint will be **DISMISSED WITHOUT PREJUDICE.**  Plaintiff may seek to file an amended complaint within thirty (30) days of the entry of the Order accompanying this Opinion remedying the deficiencies outlined above.

DATED: April 12, 2016

                                         s/Renée Marie Bumb
                                         RENÉE MARIE BUMB
                                         United States District Judge

---

[1] The Court notes that Plaintiff has not stated any claims against Mr. Yoder in regard to his conduct.